IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRY BROOKS             :
                          :
    v.                    :     CIVIL NO. CCB-10-666
                          :     Criminal No. CCB-08-010
UNITED STATES OF AMERICA  :
                       ...o0o...

MEMORANDUM

Federal prison inmate Sherry Brooks, who pled guilty to bank fraud, 18 U.S.C. 1344, and aggravated identity theft, 18 U.S.C. 1028A, on September 25, 2009, received a sentence of one day for the bank fraud and two years (the mandatory amount) for aggravated identity theft. Rather than recognizing the excellent work done by her counsel and appreciating the government's reasonableness in reaching this result, Brooks has filed a petition under 28 U.S.C. § 2255. She alleges that (1) she did not know the government had to prove the victim of the identity theft was a real person; (2) the plea agreement precluded her from appealing her conviction; and (3) her right to counsel was violated because her counsel knew the victim. Her claims do not entitle her to any relief.

First, as stated in the plea agreement, which Brooks signed, an element of aggravated identity theft is to know that the means of identification of another person is "the means of identification of a real person." Government Response, Ex. 1. *See United States v. Flores-Figueroa*, 129 S.Ct. 1886, 1894 (2009). The Statement of Facts attached to the agreement, which Brooks also signed, made it clear that she obtained and used the personal information of patients to whose records she had access. *Id.*

Second, in the plea agreement, she knowingly waived her right to appeal the sentence, *Id.* At sentencing she was nonetheless advised that if she wished to file an appeal it needed to be done in ten days. *Id.* Ex. 4 at 33. Brooks did not attempt to appeal until two months after the judgment. *Id.*, Ex. 3, docket entry no. 27.

Third, defense counsel did not discover that he was acquainted with a victim in this case until a few days before sentencing, when he learned the identity of a person previously referred to only as "B.S.". Brooks does not dispute that this fact was disclosed to her, as well as to the court in a conference call, *Id.* Ex. 2, nor the fact that a sentencing recommendation favorable to her was negotiated <u>before</u> her counsel was aware of the victim's identity, as reflected in the plea agreement, which is dated August 14, 2009. *Id.* Ex. 1. At no time during sentencing did she express any dissatisfaction with counsel. Id. Ex. 4. The court followed the government's recommendation in imposing sentence.

In short, no prejudice nor any other basis for relief has been shown. A separate Order follows.

<u>August 4, 2010</u>   _____/s/_____
Date   Catherine C. Blake
   United States District Judge